IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUTUAL BENEFIT GROUP              :
                                  :
v.                                :   Civil Action: WMN-01-4196
                                  :
WISE M. BOLT CO., INC., et al.    :
                                  :
                                  :
                                  :

**MEMORANDUM**

Before the Court is Defendants' motion to reopen case, for purpose of quantifying and awarding costs and fees. Paper No. 38. Plaintiff has opposed the motion. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be granted.

Plaintiff Mutual Benefit Group issued a commercial general liability insurance policy (the Policy) to Defendants Wise M. Bolt Company, Inc. and Stanley E. Bolt (collectively Bolt). Bolt is presently being sued in the Circuit Court for Baltimore County by Herbert W. and Elaine C. Tracey (the Traceys) for claims arising out of Bolt's allegedly faulty construction of the Traceys' house. Bolt called upon Mutual Benefit to defend and indemnify them in that case. On December 19, 2001, Mutual Benefit filed suit in this Court seeking a declaration that it was under no obligation to defend or indemnify Bolt for the claims asserted against them in the underlying action. On

October 16, 2002, in ruling on cross-motions for summary judgment, Judge Alexander Harvey held that Mutual Benefit had a duty to defend Bolt in the underlying action and he stayed the issues of indemnification and attorneys' fees pending the final resolution of the state court action.  Paper No. 25 at 15.  Since the time of Judge Harvey's Order, the Baltimore County case has been postponed several times and, as of the present date, is yet to be tried.  On August 3, 2005, this Court entered an order which administratively closed the above-captioned case and noted that counsel for either party was free to reopen the case "should the state court action ever be resolved."  Paper No. 37.

On May 18, 2006, Bolt filed a motion to reopen the case, for the purpose of quantifying and awarding Bolt the costs and fees he was required to spend to enforce Mutual Benefit's duty to defend.  Paper No. 38. Mot. ¶ 8.  Bolt argues that due to postponements of the county case he has been waiting for his award of costs and fees for over 3½ years.  Id. ¶¶ 3, 8.

Mutual Benefit asserts that reopening the case would be premature, especially when considering that "the parties in the [Baltimore County] case have agreed to binding arbitration, selected an arbitrator, and presumably will have concluded this matter vis-à-vis binding arbitration before the Honorable Paul Alpert prior to the end of the year."  Opp'n 4.

In his October 12, 2002, Opinion, in discussing the issue of attorneys' fees and costs, Judge Harvey stated:

> Since further proceedings in this case are being stayed, and since the Bolt parties may be required to incur additional attorneys' fees and costs if the issue of plaintiff's duty to indemnify is litigated in this Court at a later time, the Court will not at his time address defendants' request that an award now be made to them of attorneys' fees and costs. Determination of this issue must await further proceedings in this case after the Court's stay is lifted.

Paper No. 25 at 18. At the time of Judge Harvey's decision the Baltimore County case was scheduled for trial in early 2003. It is now 3½ years later and Bolt is still waiting for a final determination from the Circuit Court on liability and may have to wait longer for a determination as to indemnification. Assuming Bolt is due attorneys fees, the Court finds that, in the interest of fairness, Bolt should be awarded those fees at this time. Should Bolt incur additional fees if the issue of indemnification is litigated those fees can be determined at that time.

In addressing the propriety of attorneys fees, the Court notes that, "[t]he rule in this State is firmly established that when an insured must resort to litigation to enforce its liability insurer's contractual duty to provide coverage for its potential liability to injured third persons, the insured is entitled to a recovery of the attorneys' fees and expenses incurred in that litigation." Nolt v. United States Fidelity & Guaranty Co., 329 Md. 52, 66 (1993). The case law is clear that

3

attorneys' fees are warranted when the duty to defend is breached. See, e.g., Mesmer v. Maryland Auto Ins. Fund, 353 Md. 241, 266 (1999). Mutual Benefit argues that attorneys fees are only warranted when there is a breach of the duty to defend and, in this case, they provided a defense to Bolt from the outset and did not breach that duty. It is not only a breach of the duty to defend that warrants attorneys' fees, however, but also denial of that duty. See, e.g., Hess Constr. Co. v. Board of Educ., 341 Md. 155, 161 (1996).

To support its argument that attorneys' fees are not warranted, Mutual Benefit cites to McGirt v. Royal Ins. Co. of America, 399 F. Supp. 2d 655, 669 (D. Md. 2005). In that case, the employer and supplemental insurer went bankrupt and the injured driver sought to recover from the umbrella and excess insurers, Gulf Ins. Co. and Royal Ins. Co. of America (Gulf and Royal). The coverage Gulf and Royal had provided contained an endorsement for motor carrier policies of insurance for public liability. This Court found that Gulf had, and Royal would have if Gulf were unable to pay, a duty to protect the public by stepping in as a surety under the terms of the endorsement. Id. at 669. The Court further found that neither Gulf nor Royal had stepped into the shoes of the primary insurer and, as such, concluded that they had no duty to defend. Id. Consequently, the Court recognized the holding in Nolt, but held that the

4

plaintiffs were not entitled to attorneys' fees from Gulf and Royal because their contentions about whether the endorsement applied did not amount to an attempted avoidance of their duty to defend.  Id.

The facts of McGirt greatly differ from those of the present case and McGirt actually further supports granting attorneys' fees to Bolt.  First, McGirt involved a declaratory judgment action against umbrella and excess insurers who were seeking clarification of whether the endorsement they provided applied to the case, it did not involve a basic primary issuer question.  Second, the McGirt court found that there was no duty to defend, whereas, in the present case, this Court held that Mutual Benefit has a duty to defend.  Third, the McGirt court explicitly noted that attorneys' fees were not applicable because Royal and Gulf did not contest that they had a duty to provide excess coverage.  In contrast, in the declaratory action filed in this Court, Mutual Benefit argued that it did not have a duty to defend or indemnify Bolt, which amounts to just the "sort of recalcitrance to fulfill an insurance obligation" the decision in Nolt was intended to discourage.  See id.  Thus, the Court finds that Bolt is due attorneys' fees and the present circumstances warrant reopening the case in order to award Bolt his costs and fees.[1]

---

[1] In its opposition, Mutual Benefit argues that Bolt's motion to reopen should be denied because it is premature to address the issue of indemnification prior to the Circuit Court's

5

For these reasons, Defendants' motion to reopen will be granted.  A separate order consistent with this Memorandum will follow.

                                                      _____/s/_____
                                                      William M. Nickerson
                                                      Senior United States District Judge

Dated: June 29, 2006

---

decision.  Bolt only asks the Court to reopen the case in order to quantify the costs and fees he was required to incur in enforcing Mutual Benefit's duty to defend.  The Court agrees that it is premature to decide the issue of indemnification at this time and will only make a determination as to attorneys' fees.