**IN THE UNITED STATES DISTRICT COURT**
            **FOR THE DISTRICT OF MARYLAND**

```
MUTUAL BENEFIT GROUP            :
                                :
v.                              :   Civil Action: WMN-01-4196
                                :
WISE M. BOLT CO., INC., et al.  :
                                :
                                :
                                :
```

**MEMORANDUM**

    Before the Court is Defendants' motion for attorney's fees and costs.  Paper No. 42.  Plaintiff has opposed the motion.  Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be granted.

    Plaintiff Mutual Benefit Group issued a commercial general liability insurance policy (the Policy) to Defendants Wise M. Bolt Company, Inc. and Stanley E. Bolt (collectively Bolt).  Bolt is presently being sued in the Circuit Court for Baltimore County by Herbert W. and Elaine C. Tracey (the Traceys) for claims arising out of Bolt's allegedly faulty construction of the Traceys' house.  Bolt called upon Mutual Benefit to defend and indemnify them in that case.  On December 19, 2001, Mutual Benefit filed suit in this Court seeking a declaration that it was under no obligation to defend or indemnify Bolt for the claims asserted against them in the underlying action.  On October 16, 2002, in ruling on cross-motions for summary

judgment, Judge Alexander Harvey held that Mutual Benefit had a duty to defend Bolt in the underlying action but he stayed the issues of indemnification and attorneys' fees pending the final resolution of the state court action.  Paper No. 25 at 15.  Since the time of Judge Harvey's Order, the Baltimore County case has been postponed several times and, as of the present date, is yet to be tried.  On August 3, 2005, this Court entered an order which administratively closed the above-captioned case and noted that counsel for either party was free to reopen the case "should the state court action ever be resolved."  Paper No. 37.

On May 18, 2006, Bolt filed a motion to reopen the case, for the purpose of quantifying and awarding Bolt the costs and fees he was required to spend to enforce Mutual Benefit's duty to defend.  Paper No. 38.  Mot. ¶ 8.  This Court granted that motion on June 29, 2006.

Bolt has now petitioned the Court for an award of costs and fees in the amount of $33,940.79.  Mutual Benefit argues that the facts of the matter do not support an award of attorney's fees or costs.  Opp'n 4-5.  In this Court's Order reopening the case, however, the Court explicitly found that fees and costs were warranted.  Paper No. 40 at 3-5.  The Court will not readdress the issue.  In the alternative, Mutual Benefit requests that it be permitted to conduct discovery, specifically, the depositions of the attorneys for Bolt, if the Court should find that costs

and fees are warranted.  Additionally, Mutual Benefit argues that some of the claimed attorney's fees appear to be excessive and it retained the services of an auditor to review the fees and costs. The Court has carefully reviewed the fees and the report and finds that the fees are reasonable and that discovery is not necessary.[1]

Defendants' motion for fees and costs will be granted.  A separate order consistent with this Memorandum will follow.

                                                      /s/
                                   William M. Nickerson
                                   Senior United States District Judge

Dated: August 30, 2006

---

[1] In its Reply, Bolt moves to strike the auditor's report and all arguments derived therefrom.  Paper No. 48.  The Court will deny this request as moot.

3